## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ISAAC KELVIN ALLEN,

     Petitioner,

v.                                   CASE NO. 8:09-CV-136-T-27EAJ
                                    CRIM. CASE NO. 8:07-CR-212-T-27MSS

UNITED STATES OF AMERICA,

     Respondent.

_____/

### ORDER

Before the Court are Petitioner's Motion to Revise Order, Pursuant to Rule 54 of the Federal

Rules of Civil Procedures [sic] (CV Dkt. 56), and Motion for Relief from Void Judgment Pursuant

to Federal Rules of Civil Procedure 60(b)(4) (CV Dkt. 57). Upon consideration, the motions are

DENIED.

### BACKGROUND

Petitioner was charged in a four-count indictment with making a false statement to a financial

institution (counts one and two), in violation of 18 U.S.C. § 1014, and aggravated identity theft

(counts three and four), in violation of 18 U.S.C. § 1028A(a)(1) (CR Dkt. 3). On September 13,

2007, Petitioner pleaded guilty pursuant to a plea agreement. (CR Dkts. 34, 52). On January 15,

2008, Petitioner was sentenced to concurrent terms of one hundred fifty months imprisonment to be

followed by five years of supervised release on counts one and two, twenty-four months

imprisonment on count three consecutive to the sentences on counts one and two to be followed by

three years of supervised release, and twenty-four months imprisonment on count four consecutive

to the sentence on count three to be followed by three years of supervised release (CR Dkt. 47). Petitioner filed no direct appeal.

Petitioner filed his Section 2255 motion on January 26, 2009 (CR Dkt. 49; CV Dkt. 1 ). The motion raised four grounds for relief:

Ground One: Counsel failed to file an appeal after Petitioner instructed counsel to do so;

Ground Two: Petitioner's sentence violates the Eighth Amendment;

Ground Three: Counsel rendered ineffective assistance by failing to object to the admission of hearsay testimony at the sentencing hearing; and

Ground Four: Counsel rendered ineffective assistance by failing to object at sentencing to a two-point base offense level increase

(Id.).

On June 24, 2010, the Court issued an Order denying Grounds Two and Three of the motion, and scheduling an evidentiary hearing on Grounds One and Four (CV Dkt. 27). Following the evidentiary hearing on July 28, 2010, the Court issued an Order on August 12, 2010, denying Grounds One and Four (CV Dkt. 35). Judgment was entered on August 16, 2010 (CV Dkt. 36).

Petitioner appealed. The Eleventh Circuit Court of Appeals, however, denied Petitioner a certificate of appealability on April 7, 2011 (CV Dkt. 53).

Petitioner now moves the Court for relief from the Judgment denying Petitioner's § 2255 motion.

## DISCUSSION

Petitioner moves for relief pursuant to Rules 54(b) and 60(b)(4), Fed. R. Civ. P.

## I. Rule 54(b) Motion

"Rule 54(b) allows a court to revise any order, which adjudicates fewer than all claims, before the court enters an order adjudicating all claims." *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1264 (11th Cir. Fla. 1988). Despite Petitioner's argument to the contrary, the Court's August 12, 2010 Order denying Grounds One and Four of the § 2255 motion was a final order adjudicating all claims, as Grounds Two and Three were previously denied in the Court's June 24, 2010 Order, and there were no issues remaining to adjudicate. *See McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1338 (11th Cir. 2007) (an order is final and appealable when it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment"). Consequently, because Petitioner's Rule 54(b) motion was filed after the Court entered an order adjudicating all claims and a final judgment, the Orders are not subject to revision under Rule 54(b). *See Bettis v. Toys "R" Us - Del., Inc.*, 273 Fed. Appx. 814, 817 (11th Cir. 2008) (unpublished) (Rule 54(b) inapplicable where court adjudicated all claims); *Thampi v. Collier County Bd. of Comm'rs*, 510 F. Supp. 2d 838, 846 (M.D. Fla. 2007) ("Fed. R. Civ. P. 54(b) allows for the revision of [an order] at any time *before* a judgment adjudicating all the claims and rights and liabilities of all parties.") (emphasis added).

## II. Rule 60(b)(4)

"Rule 60(b)(4) allows a party to move for relief from a 'void' judgment [and]. . .applies only where: (1) the court that rendered judgment lacked even an 'arguable basis' for exercising jurisdiction; or (2) the judgment was premised on a due process violation that deprived a party of notice or the opportunity to be heard." *Pierce v. Kyle*, 535 Fed. Appx. 783 (11th Cir. 2013) (unpublished) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

Petitioner does not demonstrate that the Judgment is void for lack of jurisdiction or that it was entered without notice or an opportunity to be heard. Rather, it is apparent that jurisdiction existed to render judgment on Petitioner's § 2255 motion, and Petitioner had notice and an opportunity to be heard during the § 2255 proceedings.

Petitioner contends that the Judgment is void because it was premised on a due process violation, namely the Court's failure to address his claim of ineffective assistance of counsel in Ground Three of his § 2255 motion. Petitioner asserts that Ground Three alleged that "[c]ounsel was ineffective for allowing Petitioner to be incorrectly enhanced 2 levels under USSG § 2B1.1(2)(A)(i), which states: offense involved 10 or more victims, when in fact, there was less than 10 victims." (See CV Dkt. 1 at p. 8). He contends that the Court failed to address this claim, and instead changed or "re-worded" the claim to one asserting that counsel was ineffective in failing to object to the admission of hearsay testimony at the sentencing hearing.

Petitioner's contention is without merit because the Court addressed the claim alleged in Ground Three. In support of that claim, Petitioner argued in his memorandum of law that "[c]ounsel was ineffective, as counsel should of properly objected to the heresay [sic] testimony given by the FBI Agent, as inadmissible under the rules of evidence, Fed.R.Evid. 801(c), and, that it violated the Due Process Clause of the Fourteenth Amendment to the Constitution." Therefore, Ground Three alleged that counsel rendered ineffective assistance in failing to object to the FBI Agent's testimony[1] during the sentencing hearing on hearsay and due process grounds, resulting in Petitioner receiving

---

[1]The Agent testified, in pertinent part, to losses sustained by additional victims not named in the PSR (CR Dkt. 54 at pp. 14-28). At the conclusion of the testimony, the Court determined that the Government had established by a preponderance of the evidence ten or more victims who suffered measurable pecuniary loss as a result of Petitioner's conduct (CR Dkt. 54, pp. 52-53).

a two-level sentencing enhancement under USSG § 2B1.1(2)(A)(i). The Court addressed and denied

that claim in the June 25, 2010 Order (see CV Dkt. 27 at pp. 12-15). Because the Court addressed

the claim, there was no due process violation depriving Petitioner notice and an opportunity to be

heard. Accordingly, Petitioner is not entitled to relief under Rule 60(b)(4).

It is therefore **ORDERED** that:

1. Petitioner's Motion to Revise Order, Pursuant to Rule 54 of the Federal Rules of Civil

Procedures [sic] (CV Dkt. 56), and Motion for Relief from Void Judgment Pursuant to Federal Rules

of Civil Procedure 60(b)(4) (CV Dkt. 57) are **DENIED**.

2. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby

**DENIED** a certificate of appealability because he cannot show "that jurists of reason" would debate

the correctness of the denial of his Rule 54(b) and 60(b)(4) motions. *See Slack v. McDaniel*, 529

U.S. 473, 478 (2000). Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure,

Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit Court of

Appeals. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled

to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on _September 19th_, 2014.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner
             Counsel of Record

5